# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN THOMAS KING, | Case No. 17-CV-5346 (JNE/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA and COUNTY OF HENNEPIN, | |
| Respondents. | |

Petitioner Calvin Thomas King has filed several petitions for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2254, including the pleading used to initiate this action. Another magistrate judge of this District has concluded that a substantially similar petition filed by King must be dismissed on the basis that the claims raised in that petition have not been fully exhausted in the state courts. *See King v. Minnesota*, No. 17-CV-5196 (SRN/TNL), ECF No. 12 (D. Minn. Mar. 19, 2018). This Court will do the same and recommends dismissal of the habeas corpus petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b)-(c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been

1

fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement has been explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

King's habeas petition is not the model of clarity, but it appears that his central habeas claim is that the Minnesota state courts lacked jurisdiction over his criminal proceedings.[1] Along with that central claim, King presents several ancillary claims

---

[1] King also alleges that his constitutional right to practice the religion of his choosing was denied while he was detained at the Hennepin County Jail. Such a claim concerns the

2

regarding the propriety of the proceedings by which he was convicted in state court. But the Minnesota appellate courts remain fully capable of determining the scope of the state's jurisdiction over criminal offenses. Similarly, the Minnesota appellate courts remain fully capable of determining whether King's criminal proceedings comported with his federal constitutional rights. King must therefore afford those courts an opportunity to hear his habeas corpus claims in the first instance. A review of the state-court records available to this Court confirms that King — who pleaded guilty to the offense at issue in November 2016, was sentenced in July 2017, and did not file a direct appeal — has not yet presented his claims to the Minnesota Supreme Court. Until King has presented his claims to the Minnesota Supreme Court in a manner that allows that court to consider the merits of his claims, he may not seek federal habeas corpus relief. *See* 28 U.S.C. § 2254(b). Accordingly, it is recommended that this matter be dismissed without prejudice; King may return to federal court and seek habeas corpus relief after fully exhausting his claims in the state courts.

A few matters require brief comment:

First, King's application to proceed *in forma pauperis* [ECF No. 7] must be denied, as his habeas corpus petition cannot be entertained. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

---

*conditions* of his confinement, not the fact or duration of his confinement, and therefore must be raised in a traditional civil lawsuit, not a habeas corpus action. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

Second, King's motion for an order on his habeas corpus petition [ECF No. 9] will become moot in the event that the recommendation of dismissal is adopted. It is therefore recommended that the motion be denied.

Third, King has requested that the docket in this case be corrected [ECF No. 9], but the corrections sought by King are not entirely clear, and in any event, this matter appears to have been docketed correctly. Accordingly, it is recommended that this motion also be denied.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat King's current habeas corpus petition differently than it is being treated here. King has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that King not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. The application to proceed *in forma pauperis* of petitioner Calvin Thomas King [ECF No. 7] be DENIED.

3. King's motion for an order [ECF No. 9] be DENIED.

4. King's motion to correct the docket [ECF No. 10] be DENIED.

5. No certificate of appealability be issued.

Dated: April 11, 2018        *s/Franklin L. Noel*
                             Franklin L. Noel
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).